FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 0 2 2022

TAMMY H. DOWNS, CLERK
By: _____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

| | | |
|---|---|---|
| STARLINE HARGROVE AND DAWARKA HARGROVE **PLAINTIFFS** | § § § § | |
| vs. | § § § | CIVIL ACTION NO. 4:22-cv-201-KGB (Jury Demand) |
| POWER TRANSPORT, LLC and TONI LYNN LEZAMA **DEFENDANTS** | § § § | This case assigned to District Judge Baker and to Magistrate Judge Harris |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Starline Hargrove and Dawarka Hargrove, Plaintiffs, by and through their attorneys of record, and for their Original Complaint against Defendants Power Transport, LLC and Toni Lynn Lezama, and would respectfully show unto the Court as follows:

### I.
### PARTIES

1.  Plaintiffs Starline Hargrove and Dawarka Hargrove are adult residents and citizens of the State of Louisiana.

### II.

3.  Defendant Power Transport, LLC is, upon information and belief, a foreign, for-profit corporation organized and existing under the laws of Tennessee with a principal office located at 3124 Directors Row, Memphis, Tennessee 38131-0401. Power Transport, LLC is a registered motor carrier with the Department of Transportation, Federal Motor Carrier Safety Administration, No. 2400781. Defendant Power Transport, LLC may be served with process by serving its registered agent, Tony M. Maranise, at 3124 Directors Row, Memphis, Tennessee 38131-0401.

### III.

4.       Defendant Toni Lynn Lezama is an adult resident and citizen of the State of Virginia, and may be served with process at 8203 Berrywine Court, Henrico, Virginia 23294.

### IV.

5.       Upon information and belief, Defendant Lezama was an agent, servant, employee and statutory employee of Defendant Power Transport, LLC, and was at all material times acting within the purpose and scope of said agency and employment and with the knowledge, consent and ratification of Defendant Power Transport, LLC.

### V.
### JURISDICTION AND VENUE

6.       This Court has jurisdiction pursuant to 28 U.S.C. § 1332 (a)(1) ("diversity jurisdiction"). The amount in controversy is in excess of $75,000.00, exclusive of costs and interest. A substantial portion of the acts complained of occurred in this district.

### VI.
### FACTS

7.       At approximately 5:30 a.m. on June 9, 2020, Plaintiff Starline Hargrove was operating a 2019 Peterbilt tractor and hauling a trailer Eastbound on Interstate 40 in Lonoke County, Arkansas.

8.       At the same time Defendant Lezama was operating a 2016 Freightliner tractor pulling a trailer and following Hargrove's vehicle Eastbound on Interstate 40. Lezama's tractor-trailer was fully loaded and Lezama was acting within the course and scope of his employment and/or as agent and/or statutory employee of Defendant Power Transport, LLC.

9. On information and belief, the gross vehicle weight of the tractor-trailer Lezama was driving was up to 80,000 pounds. While operating the truck and in the time before the crash Defendant Lezama was fatigued and/or distracted to a degree that his mere operation of the truck at that time and while distracted created a foreseeable increased risk of harm to the motoring public.

10. The tractor operated by Defendant Lezama was a commercial vehicle with a gross vehicle weight in excess of 10,100 pounds involved in interstate commerce, and thus subject to compliance with the Federal Motor Carrier Safety Regulations ("FMCSR") and applicable to Arkansas laws governing the operation of commercial trucks.

11. Defendant Lezama was operating the tractor Eastbound on Interstate 40 near mile marker 173 in Lonoke County, Arkansas. Defendant Lezama was inattentive due to fatigue/distraction or both. The tractor-trailer he was driving crashed into the rear of Hargrove's trailer causing extensive damage to Hargrove's trailer and personal injuries to Hargrove.

12. Plaintiffs were severely and permanently injured as a result of the crash.

### COUNT I - NEGLIGENCE / NEGLIGENT HIRING, RETENTION, ENTRUSTMENT

13. Plaintiffs incorporate by reference the allegations set forth in Paragraphs 1 - 12 herein above, as if set forth verbatim.

14. At all times herein, Defendant Power Transport, LLC negligently, carelessly, recklessly and unlawfully hired, retained, trained and supervised their agents, employees, servants and/or independent contractors who they assigned to operate, drive and control said vehicles in that, among other things, Defendant Power Transport, LLC knew or should have known that said persons were unfit for the specific tasks to be performed during the course and scope of their employment and/or agency, namely the safe operation of said vehicles.

15.     At all times herein, Defendant Power Transport, LLC owed a duty to the public and to Plaintiff not to allow an unfit driver, who was unqualified, fatigued, distracted or in excess of the maximum allowable hours of service to operate, drive and control their vehicles. Defendant Power Transport, LLC had a duty to promulgate and enforce adequate policies and procedures to prevent these unsafe acts.

16.     At all times material hereto, Defendant Power Transport, LLC negligently, carelessly, recklessly and unlawfully owned, drove, entrusted, controlled and otherwise negligently operated said vehicles so as to cause a collision, thereby proximately and legally causing the injuries to Plaintiffs as hereinafter enumerated. Defendant Power Transport, LLC owed duties to exercise reasonable care in the hiring, training, supervision and retention of employees and drivers, including Defendant Lezama, in the operation of trucks to avoid causing injuries to others, and to promulgate and enforce policies, procedures and rules to those ends. These duties included the duty to comply with the common law, the Federal Motor Carrier Safety Regulations, industry standards and the relevant provisions of state law and regulations. 49 C.F.R. §§ 383, 386, 390, 391, 392 and 395.

17.     Defendant Power Transport, LLC breached the duties it owed to Plaintiffs by committing one or more of the following acts of negligence:

    a.    Failing to properly hire safe, qualified drivers for operation of commercial trucks, including Defendant Toni Lynn Lezama;

    b.    Failing to properly supervise and train drivers for operation of commercial trucks, including Defendant Lezama;

    c.    Negligently retaining drivers, including Defendant Lezama;

    d.    Negligently entrusting drivers, including Defendant Lezama;

    e.    Negligently allowing, encouraging and/or aiding and abetting Defendant Lezama to operate a commercial interstate tractor-trailer while fatigued, asleep or in excess of

the allowable hours of operation thereof and/or while distracted by electronic devices, cell phones;

f. Negligently failing to have proper procedures or policies in place or promulgated for the monitoring of driver hours, including Lezama, to prevent drivers from operating tractor-trailers while fatigued and/or distracted; and

g. Otherwise failing to use reasonable care.

18. The failures and negligence of Defendant Power Transport, LLC legally caused the damages to Plaintiffs as set forth more fully below.

### COUNT II - NEGLIGENCE, NEGLIGENCE PER SE, RESPONDEAT SUPERIOR / AGENCY

19. Plaintiffs incorporate by reference the allegations set forth in Paragraphs 1 - 18 herein above, as if set forth verbatim.

20. Defendant Lezama was negligent (for which Defendant Power Transport, LLC are liable under agency theory) and failed to use reasonable care by committing one or more of the following acts or omissions:

a. Negligently and carelessly operating a tractor-trailer without keeping a safe and proper lookout for other vehicles on the roadway;

b. Operating an interstate tractor-trailer while fatigued and/or distracted;

c. Failing to avoid a collision when, in the exercise of reasonable care, the collision could have been avoided;

d. Failing to timely apply his brakes in order to avoid the collision in question; and

e. Otherwise failing to exercise reasonable care.

21. Defendant Lezama was also negligent per se (for which Defendant Power Transport, LLC is liable) based on the following violations of Arkansas law, which were in effect at all relevant times, of which Plaintiff was a member of the class intended by the statutes to protect, and which

were in full force and effect on the date in question: Ark. Code Ann. § 27-51-201 - proper lookout, maintain control and speed.

22. The failures, negligence and negligence per se of Defendant Lezama (for which Power Transport, LLC are vicariously liable) were the proximate and legal cause of the injuries and damages to Plaintiffs as set forth more fully below.

### COUNT III - STATUTORY EMPLOYMENT

23. Plaintiffs incorporate by reference the allegations set forth in Paragraphs 1 - 22 herein above, as if set forth verbatim.

24. Defendant Power Transport, LLC had entered an arrangement to transport goods using equipment not owned by it as a motor carrier, as contemplated by 49 U.S.C § 14102(a). Pursuant to 49 C.F.R. § 376.12(c), motor carrier(s) shall "have exclusive possession, control, and use of equipment" and "shall assume complete responsibility for the operation of the equipment".

25. Defendant Power Transport, LLC is a statutory employer of Defendant Lezama, and thus liable for his acts, omissions, negligence and negligence per se that proximately and legally caused Plaintiffs damages as set forth more fully below.

### VII.
### INJURIES AND DAMAGES

26. Plaintiffs incorporate by reference the allegations set forth in Paragraphs 1 - 25 herein above, as if set forth verbatim.

27. The conduct of the Defendants was, both at common law and/or statutorily, reckless, willful, knowing, grossly negligent, wanton and in such total disregard for the safety of others that an award for punitive damages is necessary to deter such conduct in the future. As a result of the foregoing, Plaintiffs are entitled to recover punitive damages from Defendants in addition to

compensatory damages, and in order to deter Defendants and similarly situated third parties from committing the same or similar misconduct that endangers the general safety of the public. As a proximate and legal result of the aforesaid negligence, gross negligence, negligence per se and/or recklessness of the Defendants, Plaintiff Starline Hargrove suffered and sustained severe, serious pain, shock, fright, suffering, mental anguish and injuries, which are permanent. As a result of their acts, Defendants are liable for the pain and suffering of Plaintiff Starline Hargrove. There was no act of negligence by Plaintiff Starline Hargrove that was a cause or that contributed to the accident in question. At the time of his injuries, Plaintiff Starline Hargrove was able-bodied and gainfully employed.

28. As a direct and proximate result of Defendants' wrongful conduct as previously alleged herein, Plaintiff Starline Hargrove sustained physical and mental pain and anguish, and other loss, for which Plaintiff Starline Hargrove is entitled to recover compensatory damages against Defendants Power Transport, LLC and Toni Lynn Lezama, both jointly and severally.

29. Defendants are liable for the full amount of economic and non-economic damages recoverable under the law for the severe permanent injuries of Plaintiff.

30. Defendants are liable for the economic and non-economic damages suffered by Plaintiff Starline Hargrove, and all other damages recoverable under law and in equity. The acts complained of legally caused Plaintiffs injuries and damages, including, but not limited to:

    a.    Loss of earning capacity;

    b.    Lost income in the past;

    c.    Medical expenses;

    d.    Future medical expenses;

e. Mental and physical pain and suffering endured by Plaintiff, both past and future; and

f. Property damage.

## VIII.

As a direct and proximate result of Plaintiff Starline Hargrove's injuries, Plaintiff Dawarka Hargrove has sustained damages in the form of loss of services, society, companionship and marriage relationships and is entitled to recover the reasonable value of these lost services, society, companionship and marriage relationships.

## IX.
## JURY DEMAND

31. Plaintiffs hereby demand a trial by jury.

WHEREFORE, PREMISES CONSIDERED Plaintiffs Starline Hargrove and Dawarka Hargrove, pray that the following relief be granted:

a. Trial by jury;

b. Judgment of compensatory damages due to Plaintiffs' personal injuries against Defendants Power Transport, LLC and Toni Lynn Lezama, in an amount of economic and non-economic damages the jury believes to be just, fair and equitable given the facts in an amount greater than the amount necessary for Federal Jurisdiction based on diversity of citizenship;

c. Judgment of punitive damages against Defendants Power Transport, LLC and Toni Lynn Lezama;

d. Court costs, discretionary costs; and

e. All other and further relief as this Honorable Court deems just and equitable.

February 25, 2022                    Respectfully submitted,

_____
W. David Carter
Arkansas State Bar No. 85025
MERCY ✶ CARTER, L.L.P.
1724 Galleria Oaks Drive
Texarkana, Texas 75503
Telephone: (903) 794-9419
Fax.: (903) 794-1268
wdcarter@texarkanalawyers.com


ATTORNEYS FOR PLAINTIFFS
STARLINE HARGROVE AND DAWARKA HARGROVE